UTICA,<br>Aug. 1828.<br>La Farge<br>v.<br>Eames.

---

## LA FARGE *vs.* EAMES & WARNER.

MOTION for leave to plaintiff to enter up judgment for costs on a verdict of $15. The action was commenced in this court in trespass, for breaking and entering plaintiff's close, and taking and carrying away boards, &c. and the gearing of a mill. The defendants plead the general issue, and *liberum tenementum*, and gave notice of justification under legal process. The plaintiff took issue upon the second plea, and the cause went to trial. The jury found a verdict for the plaintiff generally on both issues, and assessed the damages at $15, to be increased to $115, if, in the opinion of the supreme

In an action of trespass *de bonis* commenced in this court, where the plaintiff recovers less than 50 dollars, he is not entitled to costs, although issue is joined on a plea of *liberum tenementum*, if the title did not come in question on the trial.

court, on certain facts, the plaintiff was entitled to recover more than $15. A case was made, and the court at the last term decided that the plaintiff was entitled to recover no more than $15. The judge at the circuit certified, that " no evidence was offered by the defendants to sustain the plea of *liberum tenementum;* but in the course of the trial, when a question was asked a witness by the plaintiff's counsel, in relation to the issue upon that plea, he understood the counsel for the defendants as stating that they made no question on that point, but admitted the title in the *locus in quo* to be in the plaintiff."

*G. C. Bronson,* for plaintiff. The plaintiff is entitled to costs, the title to land having come in question on the trial of the cause. 1 R. L. 344, s. 4.) The defendants had interposed the plea of *liberum tenementum,* and compelled the plaintiff to come prepared to shew title. It was an issue to be tried, and the jury passed upon it ; and whether the title of the plaintiff was established by proof, or by the admission of the defendants, cannot alter the rights of the plaintiff. In *Hubbell* v. *Rochester,* (8 *Cowen,* 115,) where the recovery was only $3,50, the plaintiff was allowed costs, although there was no other proof of the title than the admission of the defendant on the trial. If there had been only a notice of *liberum tenementum,* the right of the plaintiff to costs might have depended upon the fact, whether the title had come in question on the trial ; but when the title is put in issue by the pleadings, it would seem that the case is within the statute. (2 *Caines,* 220.)

*C. P. Kirkland,* for defendants. This was virtually an action of trespass *de bonis asportatis ;* and, although the plea of *liberum tenementum* was put in, it was abandoned on the trial, and the title of the plaintiff was admitted, as appears by the judge's certificate. The damages were given for the taking of the lumber, and not for a trespass on lands. Whether the plaintiff is entitled to costs, depends not on the state of the pleadings, but upon the fact whether the title to lands came in question on the trial. In the case cited from *Caines,* the court say it does not necessarily follow that the title will

come in question because a plea of *liberum tenementum* is interposed, because the plaintiff may admit the fact, and by such admission render an inquiry into the title unnecessary. In this case, it was rendered unnecessary by the abandonment of the plea. The case in *Cowen* is clearly distinguishable from the present. That was an action of trespass for cutting timber upon uncultivated lands ; and, to establish a constructive possession in the plaintiff, it was necessary for him to shew title : and although the title there was admitted, it was directly in question ; for, without proof or admission of title, the plaintiff could not have recovered.

*By the Court,* SAVAGE, Ch. J. The right of the plaintiff to costs depends upon the fact whether the title came in question on the trial, and not on the state of the pleadings. The motion must be denied. The defendants, and not the plaintiff, are entitled to costs.